GORDEEN v. PEARLMAN et al.

(Supreme Court, Appellate Term. December 23, 1904.)

1. CONDITIONAL SALES—COVENANT TO INSURE—BREACH—WAIVER—AUTHORITY OF AGENT.

Where, as a part of a conditional sale of a piano, the buyer agreed to insure the same for the seller's benefit, evidence that when the piano was delivered the buyer was informed by an unidentified agent of the seller that "the piano was insured at the store," and that the buyer need not insure the same, without proof that the agent had authority to change the terms of the written contract, was insufficient to establish a waiver of the covenant to insure.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Samuel Gordeen against Isaac Pearlman and another. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Charles Frankel, for appellant.

S. N. Tuckerman, for respondents.

FREEDMAN, P. J.  The material facts in this case are not disputed. Plaintiff's assignor purchased a piano of the defendants under a contract generally known as a "conditional sale agreement," by the terms of which title was to remain in the vendor until full payment of the purchase price. Plaintiff's assignor paid to apply on the purchase price $137, when, a fire occurring in the premises of Kraskin, plaintiff's assignor, the piano was damaged. Defendants, upon notification, took possession of the piano for the purpose of causing the same to be repaired. The piano was found so badly damaged by water as to be beyond repair. The plaintiff sues for "breach of contract." The answer was a "general denial," the pleadings being oral. Plaintiff alleges that the defendants refuse either to refund any portion of the purchase price, or to furnish him with another instrument.

By a clause in the contract the plaintiff's assignor was required "to keep said instrument fully insured against loss or damage by fire in a solvent insurance company for the benefit of the party of the first part, and in case of such loss or damage the said party of the second part hereby agrees to assign the policy of insurance to the said party of the first part." This, concededly, was not done by Kraskin. The plaintiff, before he could recover for breach of contract, must show performance of its terms by his assignor, or waiver by the defendants. Kraskin testified that when the piano was delivered to him he asked for "the insurance policy, and he said to me, 'The piano is insured in the store, and you do not need to insure it.' The agent said that." This is not sufficient proof of waiver by the defendants of the terms of the agreement between the parties. Who this agent was, or whether or not he had authority to change the terms of a written agreement, does not appear. Judgment for the defendants was properly rendered, and must be affirmed.

Judgment affirmed, with costs. All concur.